

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00458-CR

Kelly Marie **OLDNER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 1, Johnson County, Texas
Trial Court No. M201202002
Honorable Robert B. Mayfield III, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: July 2, 2014

AFFIRMED

The trial court entered a judgment finding appellant Kelly Oldner guilty of theft of the value of $50 or more, but less than $500. Oldner appeals, challenging the admission of her confession to a Target store loss prevention manager, and the sufficiency of the evidence for the jury to convict her of theft. We affirm the trial court's judgment.

### BACKGROUND

Oldner worked as a cashier at a Target store. On her last day of employment, video surveillance showed her providing significant unauthorized discounts for two customers. For the

first customer, Oldner provided discounts totaling $159.93 and failed to charge for an item valued at $62.99. Oldner provided discounts totaling $185.94 for the second customer, and failed to charge for an item valued at $79.99. Oldner knew both customers prior to the transactions. The total amount of discounts and unpaid merchandise equaled $488.85. Target's loss prevention manager, Zachary Hayes, began to investigate shortly after the first transaction and brought Oldner into his office for an interview after the second transaction, in accordance with Target's procedure. During the interview, Oldner verbally admitted to providing the discounts without prior authorization and signed a written statement on a Target form. When the police officer arrived, she read Oldner her *Miranda*[1] rights and arrested her for theft.

At trial, Oldner objected to admission of the inculpatory statements she made during the interview at the store, claiming the statements were inadmissible because they were custodial and she was not read her *Miranda* rights. The trial court overruled her objection. Hayes and Jason Stone, an asset protection specialist at the store, testified that Oldner verbally confessed during the interview, explaining that it was her last day working at the store and she wanted to give her friends a discount and did not realize it was "that big of a deal." Hayes explained Target's policy that any discount over $20 must be approved by a manager and described its procedure for investigating internal and external theft at its stores. The store videotape of the two suspicious transactions at Oldner's cash register was admitted and played for the jury. Oldner testified in her defense that she was unaware of the store policy requiring a manager to approve any "price-matching" or discount over $20, and that she did not notice the unpaid merchandise left in the customers' carts. Oldner acknowledged that, at the end of the interview with Hayes, she signed a Target document admitting that she was working at the particular register where the discounts were given and that

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

she checked out the two particular customers.  Oldner denied, however, that she intended to commit theft.  The jury found Oldner guilty of theft as alleged in the indictment.

### ADMISSION OF CONFESSION

In her first issue on appeal, Oldner asserts the trial court erred in admitting the confession she made to the Target employees who investigated the transactions.  Oldner argues her inculpatory statements were inadmissible because they were the product of custodial interrogation and were obtained in violation of *Miranda* and article 38.22 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2, 3 (West Supp. 2013); *see also id.* art. 38.23(a) (West 2005).  She contends that Hayes and Stone were "acting in concert with law enforcement, without the required *Miranda* warnings" when they obtained her oral and written statements.  The State responds that Oldner's inculpatory statements were admissible because the store employees are private actors and there is no evidence they were acting in concert with law enforcement when they interviewed Oldner.

We apply the test set forth in *Wilkerson v. State* to determine whether an individual was acting as an agent of law enforcement at the time he interviewed the defendant.  *Wilkerson v. State*, 173 S.W.3d 521, 530 (Tex. Crim. App. 2005).  Under this analysis, we determine whether Hayes and Stone were acting in tandem with law enforcement by examining the record for the following three factors: (1) the relationship between law enforcement and the interviewer, (2) the interviewer's actions and perceptions, and (3) the defendant's perceptions of the encounter.  *Id.* at 530-31.  The defendant bears the initial burden to establish that the statements she wishes to exclude were the product of custodial interrogation.  *Id.* at 529-30.

The first factor of the *Wilkerson* examination relates to the relationship between law enforcement and the purported agent.  *See id.* at 530.  Here, Hayes testified that he is a loss prevention manager employed by Target and that he followed the store protocol when he was

alerted to a possible theft at the store. After he noticed a second suspicious transaction on Oldner's register, Hayes called Oldner into his office at the store. She was interviewed about the two transactions in the presence of Hayes, Stone, and other store employees. Hayes stated the interview began at 9:21 p.m. and Oldner admitted to making the unauthorized price adjustments at 9:24 p.m. Hayes testified the police were contacted at 9:30 p.m. and the interview with Oldner ended at 9:32 p.m. Hayes also stated that Oldner signed a written statement at 9:35 p.m., before the police officer arrived. The officer testified that she received the dispatch order at 9:28 p.m. The record does not contain any evidence that the police told the Target employees what to ask during Oldner's interview or that the police used the Target employees to collect information for a criminal prosecution. Thus, the record contains no evidence showing a relationship between the Target employees who interviewed Oldner and the police.

The second factor of the *Wilkerson* examination focuses on the interviewer's own actions and perceptions to determine whether he believed he was acting as an agent of law enforcement. *Id.* at 530. Hayes testified that his daily duties include surveillance of the store and that he received training on how to handle internal theft by a Target employee. Once alerted to the first suspicious transaction at Oldner's register, he began an investigation according to the store's procedures. Stone testified that, at the time, he was employed by Target as an asset protection specialist and was trained to follow the store's internal procedures for investigating theft. Neither employee stated he was acting as an agent of the police department or indicated any perception that he was an agent of law enforcement. Moreover, the document Oldner signed was an internal Target form, not the type of written statement taken by the police for purposes of a criminal prosecution. Finally, although Oldner's brief states the police were called before Oldner made her admission, Hayes testified that the police were called after her admission and the jury is free to determine the credibility of the witnesses. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). The

interview with Oldner was part of Hayes's and Stone's duties as the loss prevention manager and asset protection specialist for Target and fell within the scope of their employment. Accordingly, the evidence shows they were acting as agents of a private corporation, i.e., Target, not as agents of law enforcement.

The final factor relates to Oldner's perceptions at the time of the interview. *Wilkerson*, 173 S.W.3d at 530-31. At trial, Oldner testified that she recognized all the people present during the interview as employees of Target. Oldner did not indicate that she perceived any of these employees as law enforcement agents, or as someone with the actual or apparent authority of law enforcement. Therefore, Oldner's perceptions do not satisfy the third factor under *Wilkerson.*

The record contains no evidence that Hayes and Stone were acting in tandem with police officers to investigate and gather evidence for a criminal prosecution during the interview with Oldner. *See id.* at 531 (ultimate inquiry is whether the interviewer was acting as an "instrumentality" or "conduit" for police prosecution). Because Oldner failed to establish that Hayes or any of the other Target employees present during the interview were acting as agents of law enforcement, she has failed to show that her inculpatory statements were the product of custodial interrogation. Therefore, the requirements of *Miranda* and article 38.22 did not apply, and the statements were admissible. We overrule Oldner's first issue.

### SUFFICIENCY OF THE EVIDENCE

In her second issue, Oldner asserts the evidence is insufficient to support her theft conviction because she testified she was following store policy and did not intend to commit theft. Oldner makes an argument challenging the factual sufficiency of the evidence, but we no longer engage in a separate factual sufficiency review in criminal cases. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (holding legal sufficiency standard is the sole standard of review in criminal cases). We thus review the sufficiency of the evidence in the light most favorable to

the jury's verdict to determine whether the jury was rationally justified in finding the essential elements of the offense beyond a reasonable doubt. *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In evaluating the sufficiency of the evidence, we are mindful that the jury, as the trier of fact, exclusively determines the credibility of the witnesses and reconciles any conflicts in the evidence. *Mosley*, 983 S.W.2d at 254.

To convict Oldner of theft, the State was required to prove beyond reasonable doubt that she "unlawfully appropriate[d] property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2013). Appropriation of property is unlawful if it occurs without the owner's effective consent. *Id.* § 31.03(b)(1) (West Supp. 2013). The mental state required by section 31.03 is the intent to deprive the owner of property. *Id.* § 31.03(a). Direct evidence is not required to establish that the defendant had the intent to commit the theft. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). The jury may infer intent based upon the evidence as a whole. *Id.*

Giving deference to the jury's function in assessing the witnesses' credibility, we conclude the jury could reasonably infer that Oldner had the requisite intent to commit theft at the time of the transactions. The jury heard Hayes and Stone testify that during the interview Oldner verbally admitted making the discounts and non-charges, and stated that it was her last day of work and she was trying to be nice to her friends and did not think the discounts were a big deal. In her testimony, Oldner admitted that she provided the discounts to two friends without prior authorization from store management, but claimed that she thought the "price matching" discounts did not require management approval. In addition, the jury viewed the store videotape of the two transactions which shows that the items in the two transactions were rung up rapidly and that no coupons or store advertisements were shown to Oldner during the transactions. Based on this evidence, the jury could have reasonably found that Oldner had the intent to deprive Target of the

full marked price of the items, and thus had the requisite intent to commit theft.  We conclude the evidence is legally sufficient to support the jury's finding of guilt.  We therefore overrule Oldner's second issue.

Based on the foregoing reasons, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH